### BOWYTZ v TAX COMMISSION et

Ohio Common Pleas, Jefferson Co

No 29782

R. B. Cohen, Steubenville, and David M. Spriggs, Steubenville, for plaintiff-appellant.

R. M. Winegardner, Asst. Atty. General, Columbus, and Hugo Alexander, Steubenville, Prosecuting Attorney, for defendants-appellees.

## OPINION

By HOOPER, J.

This case comes into this court on an appeal filed by appellant from a Sales Tax assessment levied against appellant by The Tax Commission of Ohio. The case is submitted to this court upon an agreed statement of facts, which is as follows:

It is agreed by counsel representing the plaintiff and the defendant that the tax in dispute was levied upon the sale of food for human consumption off the premises where sold; it is further agreed that the tax was levied prior to the 11th day of November, 1936; the amount of the tax is $1085.71, plus penalty of $162.86, or a total amount of $1248.57, and covers the period from January 1st, 1936 to June 30, 1936, inclusive; that the amount of the tax was originally disputed in the petition of the plaintiff for reassessment of the tax before The Tax Commission of Ohio, upon three grounds, first: That the total net taxable sales under schedule A of the assessment amounting to $52690.34, is erroneous and incorrect; 2d, that the total exempt sales under schedule C, amounting to $6751.77 is erroneous and incorrect; 3rd, that the total assessment and penalty of $1248.57 is erroneous and incorrect and based upon an erroneous and incorrect computation of the total amount of the business done by your petitioner during the period set forth, and also the amount of allowances and exemptions provided by law.

However, for the purpose of this case the plaintiff is waiving any dispute as to the amount of the tax assessed or levied and agrees that the determination of the ques-

tion in controversy here by the court shall be upon the theory that if the plaintiff is liable for this tax she is liable for the entire amount assessed, and if she is not liable, that of course no amount should be assessed against her.

After the appellant filed her first petition for reassessment before The Tax Commission of Ohio, she subsequently filed an amended petition for reassessment in which she sets forth as her reason for the amendment, the statement following:

Now comes Fannie Bowytz and for amendment to her petition for reassessment of alleged unpaid Sales Tax assessed against her for the period from January 1st, 1936 to June 30, 1936, amounting to $1085.71, plus penalty of $162.86, or a total of $1248.57, says that said alleged tax is not collectible under §12 of Article 12 of the Constitution of Ohio. Signed by Fannie Bowytz.

From this agreed statement of facts the sole question in this case is whether this tax can be collected upon the sale or purchase of food for human consumption off the premises where sold, on and after November 11, 1936, even though the tax was levied prior to November 11, 1936, and for the period from January 1st, 1936, to June 30, 1936, inclusive.

Sec 12 of Article 12 of the Constitution of Ohio, adopted at the general election held in November, 1936, and which became effective November 11, 1936, is as follows:

On and after November 11th, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold.

The contention of appellant is that under this Constitutional Amendment this tax is not collectible, even though it was properly levied and assessed and became collectible prior to the adoption of the amendment, and, of course, it is the contention of the appellee that this tax is collectible, notwithstanding this Constitutional Amendment.

By virtue of §5546-2 GC an excise tax was levied on each retail sale made in this state of tangible personal property occurring during the period beginning on the first day of January, 1935, and ending on the 31st day of March, 1937. There were some exceptions from this levy with which the court is not concerned.

The first question that occurs to the court is who shall pay this tax?

Sec 5546-3 GC provides in part:

"The tax hereby imposed shall be paid by the consumer to the vendor in every instance, and it shall be the duty of each vendor to collect from the consumer the value and exact amount of the tax payable in respect of each taxable sale, and to evidence the payment of the tax in each case by cancelling prepaid tax receipts equal in face value to the amount thereof."

The next question that naturally arises is, when is the tax to be paid by the consumer and collected by the vendor.

Sec 5546-2 GC herein referred to, provides:

"That the taxes imposed shall apply and be collected when the sale is made regardless of the time when the price is paid or delivered."

Therefore, the tax is paid by the consumer to the vendor when the sale is made.

Now what does the vendor do with the tax collected?

Sec 5546-1, GC, in part provides:

"The tax collected by the vendor from the consumer under the provisions of this Act shall not be considered as part of the price, but shall be considered as a tax collection for the benefit of the State, and except for the discount authorized in §8 of §5546-3 GC, no other person than the State shall derive any benefit from the collection or payment of such tax."

It must be borne in mind that this suit is for the tax covering the six months period from January 1st, 1936, to June 30th, 1936, and before the amendment to the Constitution became effective on November 11th, 1937.

The appellant either collected the tax from the consumer at the time of each transaction or failed to collect the tax from the consumer for a part of the sales or all of the sales. If the tax were collected as each sale was made then, of course, there would be no question but that the vendor holds money belonging to the State and would be liable therefor. If the vendor failed to collect the tax from the consumer when each transaction of purchase was made the question is then presented whether the tax in such cases can now be collected after the effective date of the Constitutional Amendment.

What is the procedure on behalf of the

Tax Commission of Ohio in case the vendor fails to collect the tax when the purchases are made?

Sec 5546-9a GC in part provides:

"In case any vendor fails to collect the tax herein imposed, or having collected the tax, fails to cancel the prepaid tax receipts in the manner prescribed by this Act and by the regulations of the Commission, he shall be personally liable for such amount as he failed to collect, or for the amount of the prepaid tax receipt which he failed to cancel."

This section of the Code contains the following provisions:

"The Commission shall first issue assessments against the vendor unless it be shown that the customer refused to pay the tax after demand by the vendor or the Commission."

and in the same section it is also provided that:

"Any amount assessed by the Commission under the provisions of this section, together with a penalty of fifteen (15) per centum thereof, shall be due and payable from the vendor or consumer to the Treasurer of State fifteen (15) days after the service on the vendor or consumer of notice of such assessment, and when paid shall be considered as revenue arising from the tax imposed by this Act."

There is no evidence to show that the consumer refused to pay the tax after demand by the vendor or the Commission, and the Tax Commission issued an assessment against the appellant and followed the method prescribed by the statute of determining the amount of tax due in cases where the vendor had either failed to cancel the prepaid tax receipt in the manner prescribed by the statute, or had failed to collect the tax at all. Under this method of assessment the Tax Commission found the amount due the State $1085.71. and added thereto a fifteen (15) per cent penalty, as provided by the statute, making the total assessment $1248.47.

Under the agreed statement of facts in this case it is fair to assume that the vendor failed to collect the tax from the consumer at the time of each purchase; therefore, can the assessment be now collected, or will the Constitutional amendment that became effective November 11, 1936, prevent collection? The court is of the opinion that the present suit is not for the collection of the tax but is a suit to enforce the payment of a liability created by statute that became fixed prior to the effective date of the Constitutional amendment, and that this suit is only the means used to enforce a fixed liability. The appellant became liable on the date of each sale, but The Tax Commission, under the suit, had no authority to enforce this liability until after an assessment was issued and the amount fixed in accordance with the statutes, which in this case was December 3, 1936. The cause of action and the remedy had become vested in the State before the Constitutional amendment became effective. The Constitutional amendment only repealed a part of the Ohio Retail Sales Tax Law. The procedure for collection, as provided therein, and the remedy, was not repealed; therefore, the remedy could be pursued to enforce a vested right in the State. The defenses first raised by appellant in her petition for reassessment might have been defenses to this action, but the court does not believe that the defense raised in the amended petition for reassessment is a defense.

It will be observed that the language of the Constitutional amendment precludes the levy or collection of a similar tax to the one in question in this case after November 11, 1936, but is silent as to the collection of such tax which accrued prior to that time. In other words, the purpose of the Constitutional amendment was to prohibit the levy and collection of tax upon the sale or purchase of food for human consumption off the premises where sold, after the 11th day of November, 1936, but it does not appear that taxes which accrued prior to that time were exempt from collection, or that the State is prohibited from collecting such accrued taxes.

This court is of the opinion that this amendment to the Constitution of Ohio is a prospective amendment and has no application to matters in retrospect.

The court finds that the assessment proceedings in this case are valid and enforceable and judgment is hereby entered in favor of the appellee and against the appellant in the sum of $1248.54 and costs. The appellant may have exceptions.

Special entry.